# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LORENZO S. GAMBING, an individual; LORIE F. GAMBING, an individual,<br><br>   Plaintiffs,<br><br>  vs.<br><br>ONEWEST BANK, a Business Entity form unknown; PEOPLE'S CHOICE HOME LOANS, a Business Entity, form unknown; INDYMAC BANK, FSB, a Business Entity, form unknown; AMBER FINANCIAL GROUP, LLC, a Business Entity, form unknown; DANA CAPITAL GROUP, INC, a Business Entity, form unknown, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, a Business Entity, form unknown; and DOES 1–100 inclusive,<br><br>   Defendants.<br>_____ | CV. NO.  11-00021 DAE-KSC |

ORDER: (1) GRANTING DEFENDANTS ONEWEST AND MERS'S MOTION TO DISMISS COMPLAINT; (2) DISMISSING PLAINTIFFS' COMPLAINT WITH PREJUDICE; (3) GRANTING PLAINTIFF LEAVE TO FILE A REQUEST TO REOPEN THE CASE; AND (4) DENYING AS MOOT DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

On July 15, 2011, the Court heard Defendants OneWest and MERS's Motion to Dismiss Complaint. Plaintiffs, pro se, failed to appear at the hearing on behalf of themselves[1]; David Rosen, Esq., appeared at the hearing on behalf of OneWest and MERS. Because Plaintiffs did not appear at the hearing, pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the supporting and opposing memoranda, the Court GRANTS OneWest and MERS's Motion to Dismiss (Doc. # 15), DISMISSES WITH PREJUDICE Plaintiffs' Complaint, GRANTS Plaintiffs leave to file a request to reopen the case; and DENIES AS MOOT Defendants' judicial notice request (Doc. # 17).

BACKGROUND

On January 13, 2011, Plaintiffs Lorenzo S. Gambing and Lorie F. Gambing filed a Complaint against Defendants OneWest Bank ("OneWest"), People's Choice Home Loans ("PCHL"), Indymac Bank, FSB ("Indymac"), Amber Financial Group, LLC ("AFG"), Dana Capital Group, Inc. ("DCG"),

---

[1] Three calls were made in the hallway for Plaintiffs with no response.

Mortgage Electronic Registration Systems ("MERS"), and Does 1–100

(collectively, "Defendants"), alleging that Plaintiffs had been lured into a predatory

mortgage loan.[2] ("Compl.," Doc # 1.) Specifically, Plaintiffs' Complaint alleges

Counts: (Count I) Declaratory Relief (Compl. ¶¶ 48–52); (Count II) Injunctive

Relief (id. ¶¶ 53–56); (Count III) Contractual Breach of Implied Covenant of Good

Faith and Fair Dealing (id. ¶¶ 57–63); (Count IV) Violation of TILA, 15 U.S.C. §

1601, et. seq. (id. ¶¶ 64–74); (Count V) Violation of Real Estate Settlement and

Procedures Act ("RESPA") (id. ¶¶ 75–82); (Count VI) Rescission (id. ¶¶ 83–87);

(Count VII) Unfair and Deceptive Business Act Practices ("UDAP") (id. ¶¶

88–92); (Count VIII) Breach of Fiduciary Duty (id. ¶¶ 93–97); (Count IX)

Unconscionability – UCC-2-3202[3] (id. ¶¶ 98–101); (Count X) Predatory Lending

(id. ¶¶ 102–116); (Count XI) Quiet Title (id. ¶¶ 117– 120); and (Count XII) Lack

of Standing; Improper Fictitious Entity (MERS) (id. ¶¶ 121–128).

Plaintiffs are residents of the State of Hawaii. (Id. ¶ 1.) Plaintiffs

entered into a loan repayment and security agreement on or about November 12,

---

[2] Plaintiffs presumably filed the Complaint in this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, although Plaintiffs do not provide as much in their Complaint.

[3]The Court assumes Plaintiffs actually means Uniform Commercial Code § 2-302 – Unconscionable Contract or Clause.

2004 with Defendant AFG in the loan amount of $465,000.00, and subsequently entered into another loan repayment and security agreement on January 25, 2006 with Defendant DCG in the loan amount of $585,000.00. (Id. ¶¶ 2–3.) The real property at issue in this loan transaction is located at 73-1099 Anikawa Street, Kailua, HI 96740 (the "Subject Property"). (Compl. ¶ 1.)

Plaintiffs allege that Defendants "intentionally concealed the negative implications of the loan they were offering," putting Plaintiffs in a position of potentially "losing their home to the very entity and entities who placed them in this position." (Id. ¶ 24.) Plaintiffs also contend that Defendants "hold an interest in a loan that was improperly handled from its inception," and used "acts of deception violat[ing] several statutes and in essence creat[ing] an illegal loan." (Id. ¶¶ 26, 32.) In addition, Plaintiffs assert that AFC and DCG "illegally, deceptively, and/or otherwise unjustly, qualified Plaintiff[s] for a loan which [they] knew or should have known that Plaintiff[s] could not qualify for or afford . . . ." (Id. ¶ 33.)

On May 2, 2011, Defendants OneWest and MERS filed a Motion to Dismiss Complaint for Failure to State a Claim upon which Relief can be Granted ("Motion"). (Doc. # 15.) On the same day, they filed a Memorandum of Points and Authorities in Support of their Motion. ("Mot.," Doc. # 16.) They also filed a Request for Judicial Notice ("Judicial Notice Request") on the same day. (Doc.

# 17.)  No Opposition has been filed by Plaintiffs.  On June 27, 2011, Defendants

OneWest and MERS filed a Notice of No Opposition Having Been Filed to

Defendants' Motion to Dismiss Complaint (Doc. # 20), stating that, as a result of

Plaintiffs' failure to file an Opposition, they have not filed a Reply.

## STANDARD OF REVIEW

I.    Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a

claim upon which relief can be granted.  Review is limited to the contents of the

complaint.  See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir.

1994).  A complaint may be dismissed as a matter of law for one of two reasons:

"(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable

legal claim."  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir.

1984) (citation omitted).  Allegations of fact in the complaint must be taken as true

and construed in the light most favorable to the plaintiff.  See Livid Holdings Ltd.

v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6)

motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

In providing grounds for relief, however, a plaintiff must do more than recite the

formulaic elements of a cause of action.  See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted).  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted).  Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth."  Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief.   See Twombly, 550 U.S. at 570.  A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief.  Id. at 586.  When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties

and the court." <u>Id.</u> at 558 (citation omitted). If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

## II. <u>Federal Rule of Civil Procedure 9(b)</u>

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under Ninth Circuit law, "Rule 9(b) requires particularized allegations of the circumstances <u>constituting</u> fraud." <u>In re GlenFed, Inc. Sec. Litig.</u>, 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc), <u>superseded on other grounds by</u> 15 U.S.C. § 78u-4.

In their pleadings, plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement. <u>Id.</u> at 1548 (quoting <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 540 (9th Cir. 1989)). "[T]he circumstances constituting the alleged fraud [must] 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124

(9th Cir. 2009) (quoting <u>Bly-Magee v. California</u>, 236 F.3d 10104, 1019 (9th Cir. 2001)); <u>see also</u> <u>Moore</u>, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); <u>see also</u> <u>In re GlenFed, Inc. Sec. Litig.</u>, 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); <u>Walling v. Beverly Enter.</u>, 476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) <u>overruled on other grounds by</u> <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

<u>DISCUSSION</u>

For the reasons set forth below, the Court concludes that Defendants OneWest and MERS's Motion should be granted. Plaintiffs' Complaint is dismissed with prejudice as against all Defendants, with leave to file a request to reopen the case within 15 days of filing of the instant Order.

I.      <u>Counts I and II: Declaratory Relief and Injunctive Relief</u>

Count I of the Complaint asserts a claim for declaratory relief to prevent Defendants from foreclosing on the Subject Property, because Defendants' interest in the Subject Property has allegedly been rendered void due to violations of law. (Compl. ¶¶ 48–52.) Count II of the Complaint seeks an injunction preventing Defendants from proceeding with their foreclosure action and Plaintiffs argue that "injunctive relief . . . is necessary and appropriate at this time to prevent irreparable loss to Plaintiff[s]." (<u>Id.</u> ¶¶ 53–56.)

Plaintiffs' requests in Count I and II fail to satisfy the minimum pleading requirements of Rules 8 and 9(b). Count I alleges that "Defendants did not properly comply with proper delivery procedures under RESPA," and that "Defendants [sic] actions in the processing, handling and attempted foreclosure of this loan has [sic] contained numerous violations of State and Federal laws . . . ." (<u>Id.</u> ¶¶ 49–50.) Count II contends that "Plaintiff[s] [have] suffered and will

9

continue to suffer in the future unless Defendants' wrongful conduct is restrained and enjoined . . . ." (Id. ¶ 56.) Here, Plaintiffs fail to allege any facts and solely provide legal conclusions regarding Defendants' purported wrongful conduct and violations of State and Federal laws. Such legal conclusions are not entitled to an assumption of truth when ruling on a motion to dismiss. See Iqbal, 129 S. Ct. at 1949. As such, Plaintiffs' conclusory allegations are insufficient to state a claim for relief.

Additionally, Plaintiffs contend, in Count I, that "the Defendants perpetrated a fraudulent loan transaction." (Compl. ¶ 49.) To the extent that Plaintiffs bring allegations of fraud against Defendants, Plaintiffs have failed to satisfy the heightened fraud pleading standard under Rule 9(b). The Court discusses this at length in Section XII of the instant Order below.

Accordingly, the Court GRANTS the Motion to Dismiss as to Plaintiffs' claims for declaratory and injunctive relief.

II.    Count III: Contractual Breach of Implied Covenant of Good Faith and Fair Dealing

Count III of the Complaint alleges that Defendants "willfully breached their implied covenant of good faith and fair dealing," by withholding numerous disclosures; withholding notices with regards to excessive fees and closing costs, below standard and non-diligent underwriting standards, yield spread premiums,

disclosures of additional income due to interest rate increases, failure to disclose when negative credit scores were disseminated, failure to provide disclosures of business affiliations, kickback fees and hidden referral fees; and willfully placing Plaintiffs in a loan that they did not qualify for and could not afford. (Compl. ¶ 61.)

In Hawaii, commercial contracts are subject to a statutory duty to perform in good faith. Haw. Rev. Stat. § 490:1-304. Further, Hawaii law recognizes that "every contract contains an implied covenant of good faith and fair dealing that neither party will do anything that will deprive the other of the benefits of the agreement." Best Place, Inc. v. Penn Am. Ins. Co., 920 P.2d 334, 337–38 (Haw. 1996) (citations omitted).

Here, Plaintiffs fail to allege any specific facts and solely provide legal conclusions regarding Defendants' purported violation of the implied covenant of good faith and fair dealing. While Plaintiffs provide a laundry list of disclosures and notices allegedly withheld by Defendants, they fail to state how Defendants' actions constitute a breach of the implied covenant of good faith and fair dealing. Moreover, Plaintiffs fail to show that any of the allegedly withheld notices were required under statute or any other law. Simply making such

conclusory allegations is insufficient to properly plead this claim.  Thus, Plaintiffs'

legal conclusions are entitled to no weight.  See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS the Motion to Dismiss as to

Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing.

III.   Count IV: Violation of TILA, 15 U.S.C. § 1601, et. seq.

Count IV of the Complaint alleges that Defendants violated the Truth

in Lending Act ("TILA") by failing to provide Plaintiffs with all of the required

disclosures.  (Compl. ¶¶ 64–74.)  Plaintiffs assert rescission and civil liability for

the purported TILA violations.  Defendants contend that  Plaintiffs' TILA claims

are barred by the statute of limitations and that equitable tolling does not apply.

(Mot. at 11–12.)  The Court will address each remedy separately.

A.   Rescission Under 15 U.S.C. § 1635

Section 1635(a), TILA's so-called buyer's remorse provision, gives

borrowers three business days to rescind the loan agreement without penalty.  15

U.S.C. § 1635(a); Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699,

701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)).  To invoke this provision, the

loan must be a consumer loan using the borrower's principal dwelling as security.

15 U.S.C. § 1635(a).  If the lender fails to deliver certain forms or disclose

important terms accurately, Section 1635(f) gives the borrower the right to rescind

until "three years after the consummation of the transaction or . . . the sale of the property, whichever occurs first."  15 U.S.C. § 1635(f); <u>see also</u> <u>King v. California</u>, 784 F.2d 910, 913 (9th Cir. 1986).  A borrower's right to rescind extends for three years if a lender fails to disclose the right to rescind or fails to make any other "material disclosure."  12 C.F.R. § 226.23(a)(3); 15 U.S.C. § 1605(u) (indicating that the material disclosures include the annual percentage rate, the finance charge, the amount financed, the total of payments, and the payment schedule).

Here, Plaintiffs consummated their first loan on November 12, 2004 and their second loan on January 25, 2006, and initiated this action on January 13, 2011.  Plaintiffs' request for rescission is therefore barred by the statute of limitations.  Moreover, equitable tolling does not apply to rescission under TILA.  <u>Beach v. Ocwen Fed. Bank</u>, 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period"); <u>see also</u> <u>Miguel v. Country Funding Corp.</u>, 309 F.3d 1161, 1164 (9th Cir. 2002) (citing <u>Beach</u> and holding that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period"); <u>King</u>, 784 F.2d at 913 (characterizing Section 1635(f) as a "three-year absolute limitation" on Section 1635 rescission actions).  As such, Plaintiffs' TILA rescission claim is barred by the statute of limitations.

B.     Damages Under 15 U.S.C. § 1640

In addition to rescission, TILA authorizes civil liability in the form of actual damages, statutory damages, costs, and attorneys fees.  15 U.S.C. § 1640. Pursuant to Section 1640(e), there is a one-year statute of limitations for civil liability claims under TILA.  Id. § 1640(e).  The limitations period generally runs from the date of consummation of the transaction.  King, 784 F.2d at 915.  Here, the later date on which Plaintiffs entered into the loan transaction was January 25, 2006, and they initiated the present lawsuit on January 13, 2011.  As such, more than one year elapsed between the consummation of the loan and the filing of the instant action.  Therefore, Plaintiffs' claim for damages under TILA is barred by the statute of limitations unless equitable tolling applies.

As a general matter, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."  Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000); see also O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" (quoting Irwin

v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990))).  In a TILA damages action specifically, equitable tolling may suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."  King, 784 F.2d at 915. However, when a plaintiff fails to allege facts demonstrating that the plaintiff could not have discovered the purported TILA violation with reasonable diligence, dismissal is appropriate and equitable tolling will not apply.  See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply equitable tolling for failure to make required disclosures under TILA when the plaintiff was in full possession of all loan documents and did not allege fraudulent concealment or any other action that would have prevented discovery of the violation); Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding that the plaintiff was not entitled to equitable tolling of her TILA claim because "nothing prevented [the plaintiff] from comparing the loan contract, Fidelity's initial disclosures, and TILA's statutory and regulatory requirements").

        In this case, Plaintiffs allege that Defendants violated TILA by failing to provide them with all of the required disclosures.  (Compl. ¶¶ 64–74.)  As in Meyer and Hubbard, Plaintiffs fail to allege any facts to demonstrate that equitable tolling applies.  Their assertion that the statute of limitations should be tolled

because Defendants "fail[ed] to effectively provide the required disclosures and notices," (id. ¶ 69) is conclusory and does not justify application of equitable tolling. Plaintiffs offer no explanation as to why they were unable to discover the TILA violations within the one-year statutory period. Plaintiffs' conclusory allegations without more are insufficient for them to invoke the doctrine of equitable tolling. Therefore, Plaintiffs' TILA damages claim is barred by the statute of limitations.

Accordingly, the Court GRANTS the Motion to Dismiss as to all of Plaintiffs' TILA claims.

IV. Count V: Real Estate Settlement Procedures Act Violations

Count V of the Complaint alleges that Defendants violated RESPA by "giv[ing], provid[ing], or receiv[ing] a hidden fee or thing of value for the referral of settlement business, including but not limited to, all affiliated business arrangements." (Compl. ¶ 80.) Defendants assert that Plaintiffs' claims are barred by the statute of limitations and that equitable tolling does not apply. (Mot. 12–13.)

RESPA imposes either a one-year or a three-year statute of limitations depending on the violation alleged. 12 U.S.C. § 2614 (proscribing a one-year statute of limitations for violations of Sections 2607 and 2608 and a three-year

statute of limitations for violations of Section 2605).  Plaintiffs' RESPA claim

appears to allege a violation of 12 U.S.C. § 2607, which relates to kickbacks and

unearned fees.  (See Compl.  ¶¶ 80–81.)  Because Plaintiffs' alleged RESPA claim

arose out of the loan origination, which occurred more than one year before

Plaintiffs filed the instant action, their claim is barred by the statute of limitations.[4]

As discussed above, Plaintiffs are not entitled to equitable tolling because they

have failed to allege specific facts showing why they could not bring suit within

the limitations period.

Accordingly, the Court GRANTS the Motion to Dismiss as to

Plaintiffs' RESPA claims.

V.      Count VI: Rescission

Count VI of the Complaint alleges that Plaintiffs are entitled to

rescind their loan under violations of TILA, RESPA, fraudulent concealment,

Deceptive Acts and Practices (UDAP), and under public policy grounds.  However,

rescission is a remedy and not an independent cause of action, thus there must be

grounds on which to support an award of rescission.  See Bischoff v. Cook, 185 P.

3d 902, 911 (Haw. App. 2008).

---

[4] Indeed, Plaintiffs' RESPA claim also fails under the three-year statute of
limitations.

For the reasons stated above in the Court's analysis of Plaintiffs' TILA claim, Plaintiffs are not entitled to rescission under TILA.  Plaintiffs' claim for rescission under RESPA fails as well, because rescission is not a form of relief offered by the statute.  See 12 U.S.C. § 2601–2617.  Additionally, as stated above, Plaintiffs' claim for RESPA fails, thus any derivative claim fails as well. Plaintiffs' third and fourth bases for rescission, fraudulent concealment and UDAP, fail for the reasons discussed below in Sections XII and VI, respectively.  Finally, Plaintiffs' claim for rescission on "public policy grounds" is wholly unsupported, simply a legal conclusion, and entitled to no weight.  See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS the Motion to Dismiss as to Plaintiffs' claim for rescission of the loan.

VI.    Count VII: Unfair and Deceptive Trade Practices Act ("UDAP") Violations

Count VII of the Complaint alleges that Defendants "violated the Unfair and Deceptive Acts and Practices by consummating an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiff[s] of their home, equity, as well as their past and future investment."  (Compl. ¶ 91.)  First, Plaintiffs fail to cite any specific provision of the statute that was violated by Defendants, which is grounds for dismissal of the claim.  See Rosal v. First Federal Bank of California, 671 F. Supp. 2d 1111, 1125 (N.D. Cal. 2009); Mansour v. Cal-Western

<u>Reconveyance Corp.</u>, 618 F. Supp. 2d 1178, 1183 (D. Ariz. 2009).[5]  Although

FRCP Rule 8 requires only that a complaint include a "short and plain statement of

the claim showing that the pleader is entitled to relief," the complaint must

sufficiently put Defendants on fair notice of the claim asserted and the ground

upon which it rests.  Defendants, nor the Court, are required to speculate as to

which provisions Plaintiffs are suing under or how Defendants violated such

provisions.  Vague allegations containing mere labels and conclusions are

insufficient to survive a motion to dismiss. <u>See</u> <u>Twombly</u>, 550 U.S. at 555.

While Plaintiffs fail to cite to any specific statute, Hawaii Revised

Statute section 480-2(a) provides that "[u]nfair methods of competition and unfair

or deceptive acts or practices in the conduct of any trade or commerce are

unlawful."  Haw. Rev. Stat. § 480-2(a).  "Two distinct causes of action have

emerged under [section] 480-2(a): (1) claims alleging unfair methods of

competition; and (2) claims alleging unfair or deceptive acts or practices."[6] <u>Haw.</u>

---

[5]Although the Court does not cite to other district courts as precedent, it notes that the cases cited here have also visited a similar issue.

[6] Although "[a]ny person" may bring an action for unfair methods of competition in violation of section 480-2, only consumers, the attorney general, or the director of the office of consumer protection may bring an action for unfair or deceptive acts or practices in violation of section 480-2.  Haw. Rev. Stat. § 480-2(d), (e); <u>see also</u> <u>Davis v. Four Seasons Hotel, Ltd.</u>, 228 P.3d 303, 307 (Haw. 2010).  A "consumer" is a "natural person who, primarily for personal, family, or

<u>Med. Ass'n v. Haw. Med. Serv. Ass'n, Inc.</u>, 148 P.3d 1179, 1207 (Haw. 2006); <u>see also</u> <u>Star Markets, Ltd. v. Texaco, Inc.</u>, 945 F. Supp. 1344, 1346 (D. Haw. 1996).

Section 480-13 provides a private right of action for violations of section 480-2.[7] Haw. Rev. Stat. § 480-13. To maintain this cause of action, the plaintiff must demonstrate: (1) a violation of section 480-2; (2) injury to the consumer caused by such a violation;[8] and (3) proof of the amount of damages. <u>Davis v. Wholesale Motors, Inc.</u>, 949 P.2d 1026, 1038 (Haw. App. 1997) (citations omitted).

Plaintiffs' UDAP claim consists entirely of conclusory allegations, which are insufficient to survive a motion to dismiss. Plaintiffs merely provide that "Defendants failed to undergo a diligent underwriting process . . . failed to

_____

household purposes, purchases, attempts to purchase, or is solicited to purchase goods or services or who commits money, property, or services in a personal investment." Haw. Rev. Stat. § 480-1.

[7] Specifically, section 480-13(a) provides a cause of action for "any person who is injured in the person's business or property by reason of anything forbidden or declared unlawful by this chapter," and section 480-13(b) provides a cause of action for "[a]ny consumer who is injured by any unfair or deceptive act or practice" in violation of section 480-2. Haw. Rev. Stat. § 480-13(a), (b). The plaintiff may sue for both injunctive relief and damages under sections 480-13(a) and (b). <u>Id.</u>

[8] In an unfair method of competition claim, the second element is injury to the plaintiff's business or property resulting from the section 480-2 violation. <u>Haw. Med. Ass'n</u>, 148 P.3d at 1216.

properly adjust and disclose facts and circumstances relating to Plaintiff[s']

mortgage loan and place Plaintiff[s] in a loan . . . which they should never have

been approved for . . ." (Compl. ¶ 89.) Plaintiffs further allege that "Defendants

also used various rates and charges to disguise the actual payment schedule and

loaned amount . . . enjoyed unjust enrichment and have profited and deceptively

preyed upon Plaintiff[s]," and "intentionally concealed business affiliates and

rushed the closing" of the loan. (Id. ¶¶ 89–90.) Plaintiffs fail to specify what

"facts or circumstances," or "rates and charges" they are referring to. They fail to

specify any "concealed business affiliates" or how the closing of the loan was

rushed. In sum, Plaintiffs utterly fail to elaborate on the basis of these claims or

provide any level of factual detail as to Plaintiffs' UDAP claim.

Because Plaintiffs' Complaint fails to provide any facts as to

Defendants' purported unfair or deceptive acts or practices and unfair methods of

competition, it fails to state a claim for a UDAP violation. See Iqbal, 129 S. Ct. at

1949 ("Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice.").

Accordingly, the Court GRANTS the Motion to Dismiss as to

Plaintiffs' UDAP claim.

VII.    Count VIII: Breach of Fiduciary Duty

Count VIII of the Complaint states that "Defendant owed a fiduciary duty to Plaintiff[s] and breached that duty by [f]ailing to advise or notify Plaintiff[s] . . . that Plaintiff[s] would or had a likelihood of defaulting on the loan . . . ."  (Compl. ¶ 94.)  Defendants OneWest and MERS argue that their relationship with Plaintiffs is not of a fiduciary nature.  (Mot. at 14.)  Defendants are correct in asserting that there traditionally exists no fiduciary duty between borrowers and lenders.  Unless a special relationship exists between a borrower and lender that elevates the lender's responsibility, the standard "arms-length business relationship" applies.  Giles v. General Motors Acceptance Corp., 494 F.3d 865, 883 (9th Cir. 2007); see also Pension Trust Fund for Operation Engineers v. Federal Ins. Co., 307 F.3d 944, 954 (9th Cir. 2002).

In the instant Complaint, Plaintiffs make no allegations suggesting that their relationship to Defendants is anything other than an ordinary, arms-length, lender-borrower relationship.  Simply stating that "[d]efendants owed a fiduciary duty to Plaintiffs and breached that duty" is insufficient to establish the existence of a fiduciary duty.  (Compl. ¶ 94.)  Thus, Plaintiffs' allegations in Count VIII are wholly conclusory and unsupported.  See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS the Motion to Dismiss as to Plaintiffs' claim for breach of fiduciary duty.

VIII.  Count IX: Unconscionability

In Count IX of the Complaint, Plaintiffs bring a claim for unconscionability alleging that, "based on the deception, unfair bargaining position, [and] lack of adherence to the [law] . . . the court may find that the loan agreement and trust deed are unconscionable and of no force or effect."  (Compl. ¶ 101.)  According to the Hawaii Supreme Court, unconscionability is a cause of action asserted to prevent the enforcement of a contract where, "the clauses are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract . . . ." (emphasis added) Lewis v. Lewis, 748 P.2d 1362, 1366 (Haw. 1988) (citations omitted).

Here, Plaintiffs' allegations fail to address any contract terms between Plaintiffs and Defendants, and instead, address Defendants' alleged conduct generally.  These allegations do not speak to any unconscionable terms in the contract, nor are they limited to behavior that affected the circumstances under which the contract was made.  For this reason, Plaintiffs' contentions in Count IX fail to state a claim for unconscionability.

Accordingly, the Court GRANTS the Motion to Dismiss as to Plaintiffs' claims for unconscionability.

IX.     Count X: Predatory Lending

Count X of the Complaint contends that Defendants engaged in predatory lending practices by: not plainly and prominently disclosing the good faith estimate of closing costs, requiring Plaintiffs to pay interest rates, fees and/or charges not justified by marketplace economics at the time the lien was originated, placing borrowers into repeated refinancing loans that have no tangible benefit to the borrower, badgering homeowners with advertisements and solicitations that tout the benefits of consolidating bills into a mortgage loan, approving loans with high debt ratio without determining the true ability of the borrower to repay the loan, offering to the borrower little or no equity in the home, marketing the loan in a way that fails to fully disclose all material terms, basing the loan on a loan application that was inappropriate for the borrower, and underwriting the loan without due diligence.  (Compl. ¶¶ 105–116.)

Despite Plaintiffs' laundry list of allegations, the Court is entirely unclear as to what cause of action Plaintiffs are bringing this claim under. Plaintiffs fail to cite any relevant statute or law under which Defendants' alleged behavior is prohibited.  Aside from citing to the Office of Comptroller of

Currency's definition of predatory lending, Plaintiffs fail to identify any Hawaii or federal law creating a cause of action for predatory lending. (Compl. ¶ 103.) As stated above, Defendants, nor the Court, are required to speculate as to what law Plaintiffs are suing under or how Defendants violated such law. Vague allegations containing mere labels and conclusions are insufficient to survive a motion to dismiss. See Twombly, 550 U.S. at 555. As such, Plaintiffs' claim for predatory lending fails.

Accordingly, the Court GRANTS the Motion to Dismiss as to Plaintiffs' claim for predatory lending.

X.      Count XI: Quiet Title

In Count XI of Plaintiffs' Complaint, Plaintiffs seek to quiet title in the Subject Property via a declaration from the Court that "the title to the Subject Property is vested in Plaintiff[s] alone and that the Defendants herein, and each of them, be declared to have no estate, right, title or interest in the Subject Property . . . ." (Compl. ¶ 120.) Under Hawaii Law, an action to quiet title "may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim. Haw. Rev. Stat. § 669-1(a).

Plaintiffs state that "Defendants, and each of them, claim an interest in the Subject Property," and that "said Defendants have no legal or equitable right, claim, or interest in the Property." (Compl. ¶ 119.) However, this is merely a formulaic recitation of an element of the claim. Plaintiffs fail to plead any facts suggesting what interests are being claimed by Defendants and the nature of those interests. Throughout the Complaint, Plaintiffs make blanket statements about Defendants without recognizing that Defendants constitute multiple entities. As such, the Court is unable to determine what rights and interests in the Subject Property each Defendant is claiming, thus Plaintiffs' claim to quiet title fails.[9]

Accordingly, the Court GRANTS the Motion to Dismiss as to Plaintiffs' claim to quiet title.

XI. <u>Count XII: Lack of Standing; Improper Fictitious Entity (Against Defendant MERS)</u>

In Count XII of the Complaint, Plaintiffs allege that MERS is an "artificial entity" "designed to circumvent certain laws and other legal requirements dealing with mortgage loans." (Compl. ¶ 124.) Plaintiffs assert that an assignment of the note or mortgage to MERS is illegal, (<u>id.</u> ¶ 125), and

---

[9] Defendants argue, amongst other things, that Plaintiffs "have not indicated that they have paid the outstanding Loan balance, much less that they are able to do so . . . ." (Mot. at 16.) The Court need not reach this argument because of its determination that Plaintiffs have failed to state a claim to quiet title.

therefore, "MERS has no legal standing to foreclose" (<u>id.</u> ¶ 128). Plaintiffs appear to be alleging that MERS may not foreclose, or has improperly foreclosed, because it is not a holder of the note. As it stands, however, Plaintiffs' Count XII makes little sense because standing is a requirement for a plaintiff in order to proceed in a lawsuit, not one that a Defendant must establish. Further, Plaintiffs' statement that MERS has no legal standing to foreclose is a conclusory allegation insufficient to state a claim upon which relief may be granted. <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS the Motion to Dismiss as to Plaintiffs' claim for lack of standing; improper fictitious entity.

## XII. <u>Fraud</u>

Throughout Plaintiffs' Complaint, they make various allegations suggesting fraudulent conduct on the part of Defendants. (<u>See</u> <u>e.g.</u> Compl. ¶¶ 49, 63, 74, 84, 91, 113.) These allegations are insufficient to meet Plaintiffs' burden under Rule 8, much less the more rigorous requirements of Rule 9 that apply to allegations of fraud or mistake. <u>See</u> Fed. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake). Plaintiffs fail to plead the time and place of any alleged fraud and they also do not specify what role each Defendant played in the alleged misconduct. Furthermore, Plaintiffs' statements that "Defendants perpetrated a fraudulent loan transaction" (Compl.

¶ 48), that Defendants' actions were fraudulent and malicious (Compl. ¶ 63, 74), and that Defendants partook in fraudulent concealment (Compl. ¶ 84), are legal conclusions entitled to no weight.  See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to any claims made by Plaintiffs regarding fraud.

## XIII.  Dismissal With Prejudice

Plaintiffs appear to have inherently abandoned the instant action based on their failure to appear at the hearing on the instant Motion, their failure to file an Opposition to the instant Motion, and their failure to contact or communicate with the Court in any manner since April 14, 2011.[10]  Indeed, Plaintiffs did not request to postpone the hearing on the instant Motion, appear by telephone, or make any other efforts to inform the Court as to their status.  In light of the aforementioned reasons, the Court weighs the factors outlined by the Ninth Circuit to determine whether Plaintiffs' action should be dismissed with prejudice pursuant to Rule 41(b) for failure to prosecute.  Rule 41(b) authorizes involuntary dismissals for failure "to prosecute or to comply with [the federal] rules or a court order."  Fed. R.

---

[10] On April 14, 2011, Plaintiff Lorenzo Gambing appeared by phone at a Rule 16 Scheduling Conference.  (Doc. # 13.)

Civ. P. 41(b).  A Rule 41(b) dismissal generally "operates as an adjudication upon the merits."  Id.

Here, dismissal is appropriate given Plaintiffs' failure to prosecute; namely their failure to file an Opposition to Defendants' Motion, failure to appear at the hearing on the instant Motion, and failure to contact the Court regarding their lack of appearance at the hearing.  The Court, after considering the five dismissal factors set forth by the Ninth Circuit, finds that they weigh in favor of dismissal.[11]  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)).

The public interest in expeditious resolution of this litigation and the Court's interest in managing the docket both weigh in favor of dismissal. Additionally, Defendants will suffer prejudice if this case sits idle, also weighing in favor of dismissal.  Specifically, Plaintiffs' lack of communication with Defendants or the Court impairs Defendants' ability to proceed forward in this

---

[11] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan, 291 F.3d at 642.

action.  The Court concedes, however, that public policy favoring disposition of cases on their merits weights against dismissal.

Finally, the Court finds that the of availability of less drastic alternatives also weighs in favor of dismissal.  Plaintiffs have not taken any action nor communicated with the Court since April of this year, and more importantly, have made no attempt to oppose the instant Motion to Dismiss or explain their failure to appear before the Court.  However, the Court will provide Plaintiffs with an opportunity to reopen their case.

Accordingly, the Complaint is DISMISSED WITH PREJUDICE as against all Defendants in this action.  The Court GRANTS Plaintiffs leave to file a request to reopen this case within 15 days of the filing of the instant Order.  If a request to reopen the case is not received by the Court within 15 days, the case will be closed and the clerk of the court will be directed to enter judgment.

<u>CONCLUSION</u>

For the reasons stated above, the Court GRANTS OneWest and MERS's Motion to Dismiss (Doc. # 15), DISMISSES WITH PREJUDICE

Plaintiff's Complaint, GRANTS Plaintiff leave to file a request to reopen the case;

and DENIES AS MOOT Defendants' judicial notice request (Doc. # 17).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 18, 2011.

_____
David Alan Ezra
United States District Judge

Gambing v. OneWest Bank et al., Cv. No. 11-00021 DAE-KSC; ORDER: (1)
GRANTING DEFENDANTS ONEWEST AND MERS'S MOTION TO DISMISS
COMPLAINT; (2) DISMISSING PLAINTIFFS' COMPLAINT WITH
PREJUDICE; (3) GRANTING PLAINTIFF LEAVE TO FILE A REQUEST TO
REOPEN THE CASE; AND (4) DENYING AS MOOT DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE