IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LORENZO S. GAMBING, an individual; LORIE F. GAMBING, an individual,<br><br>        Plaintiffs,<br><br>  vs.<br><br>ONEWEST BANK, a Business Entity form unknown; PEOPLE'S CHOICE HOME LOANS, a Business Entity, form unknown; INDYMAC BANK, FSB, a Business Entity, form unknown; AMBER FINANCIAL GROUP, LLC, a Business Entity, form unknown; DANA CAPITAL GROUP, INC, a Business Entity, form unknown, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, a Business Entity, form unknown; and DOES 1–100 inclusive,<br><br>        Defendants. | CV. NO. 11-00021 DAE-KSC |

## ORDER DISMISSING ACTION

On January 13, 2011, Plaintiffs Lorenzo S. Gambing and Lorie F. Gambing filed a Complaint against Defendants OneWest Bank ("OneWest"), People's Choice Home Loans ("PCHL"), Indymac Bank, FSB ("Indymac"),

Amber Financial Group, LLC ("AFG"), Dana Capital Group, Inc. ("DCG"), Mortgage Electronic Registration Systems ("MERS"), and Does 1–100 (collectively, "Defendants"), alleging that Plaintiffs had been lured into a predatory mortgage loan. (Doc # 1.)

On July 18, 2011, the Court filed an Order: (1) Granting Defendants OneWest and MERS's Motion to Dismiss Complaint; (2) Dismissing Plaintiffs' Complaint With Prejudice; (3) Granting Plaintiffs Leave to File a Request to Reopen the Case; and (4) Denying as Moot Defendants' Request for Judicial Notice. (Doc. # 22.) The Court dismissed with prejudice Plaintiffs' complaint, but granted Plaintiffs 15 days to file a request to reopen their case. (Id. at 30.)

Plaintiffs were expressly notified that failure to timely file a request to reopen the case within 15 days would result in closing the case and the clerk of the court entering judgment in favor of Defendants. (Id.) Despite the Court's directive, Plaintiffs still have not filed anything with the Court.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) grants district courts the authority to sua sponte dismiss actions for failure to prosecute or for failure to comply with court orders. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue

2

delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). The court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file a pleading within a specified time period. Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002) (discussing factors a court must weigh to determine whether to dismiss a claim for failure to comply with a court order).

Before dismissing an action for failure to prosecute, the court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Id., 291 F.3d at 642 (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

I.   Expeditious Resolution and Need to Manage Docket

The Court advised Plaintiffs that in order to reopen the case, they must file a request within 15 days of the filing of the July 18, 2011 Order, or the case would be closed. See (Doc. # 22 at 30.) Plaintiffs' failure to do so hinders the Court's ability to move this case forward and indicates that Plaintiffs do not intend to litigate this action diligently. See Yourish v. California Amplifier, 191 F.3d

3

983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). This factor favors dismissal.

II. Prejudice to Defendants

The risk of prejudice to a defendant is related to the plaintiff's reason for failure to prosecute an action. See Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 991). Plaintiffs offer no excuse or explanation for their failure to file a request to reopen the case. When a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. See Yourish, 191 F.3d at 991-92.

III. Availability of Less Drastic Alternatives

The Court attempted to allow Plaintiffs an opportunity to avoid outright dismissal of the action by giving Plaintiffs fifteen days to reopen the case. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are not appropriate given Plaintiffs' failure to meaningfully participate in their own litigation.

IV.     Public Policy

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal. It is the responsibility of the moving party to prosecute the action at a reasonable pace, however, and to refrain from dilatory and evasive tactics. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiffs have failed to discharge their responsibility to prosecute this action despite the Court's express warning about their case being closed. Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Plaintiffs' failure to diligently prosecute this action.

The Court concludes that dismissal of this action is warranted under Rule 41(b), which states:

> [A] dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

These exceptions do not apply here and this dismissal is with prejudice. See Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal interpreted as an adjudication on the merits unless one of the Rule 41(b) exceptions applies); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714

(9th Cir. 2001) (dismissal for failure to prosecute is treated as an adjudication on the merits) (citation omitted).

## CONCLUSION

For the aforementioned reasons, this action remains DISMISSED. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, August 9, 2011.

_____
David Alan Ezra
United States District Judge

Gambing v. OneWest Bank et al., Cv. No. 11-00021 DAE-KSC; ORDER DISMISSING ACTION